# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 2:14CR00010-002 |
| v. ) | **OPINION** |
| **JAMES SURRETT,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; James Surrett, Pro Se Defendant.*

The defendant, James Surrett, has filed a motion pursuant to 28 U.S.C. § 2255, contending that his sentence is invalid because of the decision of the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015). After consideration of the United States' Motion to Dismiss, I find that Surrett's motion must be dismissed.

The defendant was sentenced by this court on May 12, 2015, to 72 months imprisonment after pleading guilty to the offense of taking a motor vehicle by force, threats or intimidation, with the intent to cause bodily harm or death, in violation of 18 U.S.C. § 2119. He did not appeal.

In his § 2255 motion, filed on May 24, 2016,[1] Surrett contended that his sentence was invalid because his prior offense was larceny, which "does not fall under the force clause under 4B1.2(a)(1) or 4B1.2(a)(2)'s enumerated offenses." Mot. 5, ECF No. 113.

The Armed Career Criminal Act ("ACCA") provides for an enhanced sentence if a defendant convicted of a firearm offense "has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Prior to *Johnson*, the term "violent felony" was defined in the ACCA as

> any crime punishable by imprisonment for a term exceeding one year . . . that —
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first clause of the statute is referred to as the "force" clause and the first portion of the second clause is called the "enumerated crimes clause." The second portion of the second clause ("or otherwise involves conduct that presents a serious potential risk of physical injury to another") is

---

[1] The § 2255 motion was hand-dated by Surrett as "05-09-15," Mot. 13, ECF No. 113, but I assume that he meant the year 2016.

called the "residual clause" and was found to be unconstitutionally vague in *Johnson.*

The "career offender" provision of the U.S. Sentencing Guidelines Manual ("USSG" or "Guidelines") contains similar language. Under § 4B1.1(a) of the Guidelines, a career offender is defined as an offender at least 18 years old whose offense of conviction is a felony that is either a crime of violence or a controlled substance offense and who has at least two prior felony convictions of either a crime of violence or a controlled substance offense. A defendant determined to be a career offender normally receives enhanced scoring of the offense level and criminal history category otherwise determined under the Guidelines. At the time the defendant was sentenced, § 4B1.2(a) of the Guidelines, in relevant part, defined a crime of violence as an offense that "is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*" USSG § 4B1.2(a)(2) (2014) (emphasis added).[2]

In spite of the similar language, the Supreme Court recently held in *Beckles v. United States*, 137 S. Ct. 886, 897 (2017), that *Johnson's* vagueness analysis does not apply to the career offender residual clause contained in § 4B1.2(a)(2).

---

[2] In 2016, the Sentencing Commission adopted an amendment removing the residual clause from § 4B1.2(a). USSG Amend. 798 (Aug. 1, 2016).

In any event, Surrett was not sentenced under the ACCA or as a career offender, and thus he has no basis for his motion. Accordingly, the Motion to Dismiss must be granted.

A separate final order will be entered forthwith.

DATED: May 15, 2017

/s/ James P. Jones
United States District Judge